NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANIBAL SILVA, | No. 21-55873 |
| Debtor, | D.C. No. 5:21-cv-00265-JWH |
| _____ | |
| ANIBAL SILVA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ROD DANIELSON; MIDLAND MORTGAGE; MIDFIRST BANK, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Chapter 13 debtor Anibal Silva appeals pro se from the district court's

judgment affirming the bankruptcy court's order dismissing Silva's bankruptcy

_____

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 158(d).  We review de novo a district court's decision on appeal from a bankruptcy court and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).  We affirm.

The bankruptcy court properly dismissed Silva's bankruptcy action because Silva committed a material default with respect to a term of the confirmed Chapter 13 plan by failing to make contractual post-petition payments to creditors.  *See* 11 U.S.C. § 1307(c) ("[T]he court may . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including— . . . (6) material default by the debtor with respect to a term of a confirmed plan[.]"); *Derham-Burk v. Mrdutt (In re Mrdutt)*, 600 B.R. 72, 81 (9th Cir. BAP 2019) (holding that failing to perform a promise to maintain post-petition payments to a mortgage creditor is a material default of the bankruptcy plan, subjecting the case to dismissal under § 1307(c)(6)).

The district court did not abuse its discretion by denying Silva's motion for a stay because Silva failed to move first in the bankruptcy court or show that doing so was impracticable and because he failed to include an affidavit or serve the motion on all parties.  *See* Fed. R. Bankr. P. 8007(a) & (b) (establishing requirements to move for a stay of a bankruptcy court order pending appeal);

21-55873

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949-50 (9th Cir. 2006) (setting forth standard of review).

The district court did not abuse its discretion by denying Silva's motion for mandatory withdrawal of the reference of the pending bankruptcy proceedings because doing so after an appeal has been taken would jeopardize the uniformity of the bankruptcy's administration and encourage forum shopping. *See Security Farms v. Sec. Farms v. Intl. Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (setting forth standard of review and grounds for mandatory withdrawal of the reference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Silva's motion requesting this court to take judicial notice of the documents he attaches (Docket Entry No. 23) and appellees' motions to strike portions of the documents Silva attaches (Docket Entry Nos. 28 & 29) are denied as unnecessary. Silva's motion requesting a stay of the appellate proceedings (Docket Entry No. 34) is denied as moot.

**AFFIRMED.**

21-55873